**Motion to add defendant (s) and add to amended complain for case 09-13455**

**Plaintiff:**

Everson R. Francis 734-516-5240
20160 west point, Romulus, Michigan 48174

FILED
SEP 29 2009
CLERK'S OFFICE
DETROIT

**Defendants:**

Heritage Glen Townhomes formerly Pickwick apartments; 9633 Pickwick circle east, Taylor, Michigan 48180, 313-291-7240, fax: 313-291-1240

Welsh multi-family management; 22618 Nottingham Ln, Southfield, MI 48033-3393

American Profit recovery; 34405 w.12 mile suite 379, Farmington Hills, Mi 48331-5608

Experian

## Motion to add defendant (s)

**Additional defendant: Experian**

Experian did not at least call (reasonably investigate) to verify the debt; the investigation would have shown that the claim, me owing $1832.13, is false and then a correction should have been made according to the law (FCRA).

American Profit Recovery also said that "we (American Profit Recovery) are always in touch with Pickwick apartments and our client (Pickwick Apartments) said to proceed with the collection of this debt". If Experian had called Pickwick apartments they would have seen I do not owe anything. Also, if Experian and American Profit recovery had done their legally bound duties (according to FCRA and FDCPA) they would have find out the same thing that Cherri, the manager for Pickwick, found two years after that I owe nothing actually they owe me for overpaying and also for having someone live in the apartment while I already paid for it (leasing it to multiple parties at the same time).

My credit score was 702 now 415 and I was never late on payments until this incorrect reporting started to severely affecting my source of income. I bought two cars and they gave me 3 years to pay for them but I paid for one car in 1 month and the other in about 8 months—fifth third bank can verify this as they financed me, without any cosigner or money down.

Case Precedent

United States Court of Appeals for the Seventh Circuit - July 30, 2001

The Fair Credit Reporting Act, 15 U.S.C. sec.sec. 1681-1681t, creates a federal remedy against a credit reporting agency that fails to follow "reasonable procedures to assure maximum possible accuracy" of the information contained in a consumer's credit report. sec.sec. 1681e (b), 1681o, 1681n; Henson v. CSC Credit Services, 29 F.3d 280 (7th Cir. 1994). The plaintiff, Jerry Crabill, appeals from the grant of summary judgment to the defendant, credit agency Trans Union.

Separate damages calculator
$4,000,000